UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SCOTT PROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CASE NO. |
| | ) | |
| AG TRUCKING, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Scott Prough ("Prough"), through his attorneys Rachel J. Guin and Andrew P. Simmons, states his complaint against Defendant, AG Trucking, Inc. ("AG") as follows:

### I. INTRODUCTION

1. Prough asserts that AG did discriminate and retaliate against him for suffering from a disability/perceived disability (asthma) in violation of the ADA Amendments Act of 2008, 42 U.S.C. § 12111 *et seq.* ("ADAAA").

2. In addition, AG refused to engage in the interactive process therein denying Prough a reasonable accommodation for his disability in violation of the ADAAA.

3. Prough further asserts that AG retaliated against him for suffering from a workplace injury and exercising his rights to worker's compensation in violation of the laws and public policies of the State of Indiana.

4. Finally, Prough asserts that AG violated the Indiana Wage Claims Act, Ind. Code § 22-2-9-2, when it modified his start date to interfere with his earned vacation pay and violated the Wage Assignment Statute, I.C. § 22-2-6-2, when it made unlawful wage deductions from his final paycheck.

5. Prough filed his Charge of Discrimination on October 25, 2019, which is incorporated herein as Exhibit "A" (Charge No. 470-2020-00327) and received his Notice of Suit Rights, incorporated herein as Exhibit "B", on February 24, 2020. Prough, by counsel, also sought leave to pursue his wage claim from the Office of the Attorney General. That authorization was received, dated October 29, 2019, and is incorporated herein as Exhibit "C". All administrative prerequisites have been met and the filing of this Complaint is timely.

## II. JURISDICTION

6. This cause represents federal questions over which this Court has jurisdiction pursuant to 28 USC § 1331.

7. This Court has supplemental jurisdiction over all other claims that are so related to claims in the action within the aforementioned original jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is appropriate in this Court pursuant to 28 USC § 1391, as AG operates in and is a citizen of this judicial district and as all of the events or omissions giving rise to the claim occurred in this judicial district.

## III. PARTIES

9. Prough is a qualified employee with a disability who was employed by AG as a truck driver.

10. Prough suffers from asthma as well as a work-related injury that caused ongoing back pain and limited Prough's daily activities including climbing up and down ladders.

11. AG is a transport company that operates throughout the state of Indiana with its corporate offices in Elkhart County, Indiana. AG is an employer for purposes of the ADAAA and Indiana Wage Claims Act.

## IV. FACTS

12. Prough began his employment with AG on June 22, 2009. Throughout his employment, Prough performed at or above AG's expectations.

13. On May 22, 2019, Prough fell at work. On June 17, 2019, Prough was diagnosed with "trigger finger" on his left-middle finger, which was attributed to the fall. He was scheduled for a 3-month treatment plan that consisted of monthly injections.

14. In addition, Prough had been reporting to AG that his asthma was exacerbated when he was exposed to certain chemicals. As a reasonable accommodation, Prough asked that AG send him on jobs that did not involve the chemical irritants. Prough asserts there were plenty of other jobs he could have done. On June 21, 2019, Prough provided AG with a note from his physician stating, "Activity is restricted as follows: no working around Hi CAL and dolo dust/powder/pebbles."

15. On June 27, 2019, Prough was terminated, purportedly for leaving a mess after picking up materials. The mess was very small. Prough had already discussed the mess with the customer who said it was not an issue. Prough had taken a picture of the small mess and notified his supervisor, following all protocol.

16. Prough was later told that the customer was upset about the mess and did not want him to return. However, several other similarly-situated employees that did not suffer from a work-related injury and/or a disability were not terminated when asked not to return to job sites.

17. Prough asserts that AG refused to engage in the interactive process and instead retaliated and discriminated against him by terminating him for pre-textual reasons.

18. After his termination, Prough asked for his earned vacation time. AG denied the vacation time changing his start date to July 1 as opposed to his actual start date of June 22.

Furthermore, on Prough's final check AG unlawfully deducted wages for a missing TV bracket, missing uniform shirts, and rewards Prough had cashed-in as part of an incentive program. The failure to pay Prough's earned vacation time and the unlawful wage deductions are violations of the Indiana Wage Payment Act.

19. AG's discriminatory and retaliatory conduct subjected Prough to the loss of his job, job-related benefits, inconvenience, emotional distress, and other damages and injuries. AG's unlawful, discriminatory, and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Prough's federally protected rights under the ADAAA as well as the laws and public policies of the State of Indiana.

## V. LEGAL CLAIMS

## COUNT I – ADAAA

20. Prough incorporates paragraphs 1 – 19 herein.

21. During his employment with AG, Prough suffered from asthma requiring that he not be exposed to certain chemicals.

22. AG refused to engage in the interactive process to provide Prough with a reasonable accommodation.

23. In addition, after seeking a reasonable accommodation, Prough was discriminated against/retaliated against and was subjected to harsher discipline than his similarly-situated co-workers and ultimately terminated.

24. AG acted in violation of the ADAAA when it discriminated and retaliated against Prough.

25. AG's unlawful conduct was willful. Prough has suffered injury due to AG's conduct in the form of lost wages, emotional damages and distress, and other damages and injuries.

26. AG's unlawful and discriminatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Prough's federally protected rights pursuant to the ADAAA thereby entitling Prough to economic damages, compensatory damages, punitive damages, and attorney fees and costs.

## COUNT II – *Frampton*

27. Prough incorporates paragraphs 1-19 herein.

28. Prough asserts that he suffered a work-related injury on May 22, 2019 for which he exercised his right to healthcare pursuant to the Indiana Worker's Compensation Act.

29. AG was frustrated that Prough sustained the work-related injury prompting a worker's compensation claim and terminated him several weeks later.

30. Prough's similarly-situated co-workers that did not suffer a work-related injury were treated more favorably in that they were banned from various work sites but were not terminated.

31. AG's unlawful conduct was willful. Prough has suffered injury due to AG's conduct in the form of lost wages, emotional damages and distress, and other damages and injuries.

32. AG's unlawful and discriminatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the laws and public policies of the State of Indiana pursuant to the legal theory in *Frampton v. Central Indiana Gas Company,* 297 N.E.2d 425 (Ind. 1973), entitling Prough to economic damages, compensatory damages, and punitive damages.

## COUNT III – Wage Claims Act – Vacation Pay

33. Prough incorporates paragraphs 1 – 19 herein.

34. June 22, 2019 marked Prough's ten-year anniversary with AG. Pursuant to AG's policies, Prough should have had three weeks of vacation pay on his final paycheck. When Prough

asked about his vacation pay, AG insisted his start date was July 1, 2009 and refused to pay the earned wages.

35. AG acted in violation of I.C. § 22-2-9-2 when it refused to pay Prough his earned vacation pay.

36. AG's actions were in bad faith. As such, Prough is entitled to his lost wages, liquidated damages, and attorney's fees and costs.

## COUNT IV – Wage Assignment Statute

37. Prough incorporates paragraphs 1 – 19 herein.

38. After Prough's termination, AG made several unlawful deductions from Prough's paycheck. Prough never signed a waiver in accordance with I.C. § 22-2-6-2 and two of the deductions are not permissible under the same statute under any circumstances.

39. AG acted in violation of I.C. § 22-2-6-2 when it unlawfully deducted Prough's wages for impermissible expenses.

40. AG's actions were in bad faith. As such, Prough is entitled to his lost wages, liquidated damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Scott Prough, prays that this Court enter judgment against Defendant, AG Trucking, Inc., and grant the following relief:

1. Reimbursement of Plaintiff's wage loss and other economic damages, in an amount to be determined, plus interest at the statutory rate;

2. All other damages, including compensatory and emotional damages, and punitive damages shown to be causally related to Defendant's conduct which violated the ADAAA and the laws and public policies of the State of Indiana;

3. Pre-judgment interest;

4. Attorney's fees and other costs related to this action (where appropriate); and

5. All other relief available to him at law or in equity.

## REQUEST FOR JURY TRIAL

Plaintiff requests that this matter be tried to a jury.

Respectfully Submitted:

/s/Rachel J. Guin
Rachel J. Guin (ID # 31722-02)
Andrew P. Simmons (ID # 27349-49)
**FLETCHER VAN GILDER, LLP**
436 East Wayne Street
Fort Wayne, IN 46802
Telephone: (260) 425-9777
Facsimile: (260) 424-9177
Email: guin@fvglaw.com
          simmons@fvglaw.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 470-2020-00327 |

Equal Employment Opportunity Commission and EEOC
State or local Agency, if any

**Name** (indicate Mr., Ms., Mrs.): Mr. Scott Prough
**Home Phone** (Incl. Area Code): 574-215-8171
**Date of Birth**:

**Street Address**: 3845 N. 1125 W.
**City, State and ZIP Code**: Shipshewana, IN 46565

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

**Name**: AG Trucking, Inc.
**No. Employees, Members**: 50+
**Phone No.** (Include Area Code): 574-642-3351

**Street Address**: 2430 Lincolnway East, P.O. Box 453
**City, State and ZIP Code**: Goshen, IN 46527

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 6/27/2019   Latest: 6/27/2019
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Scott Prough, a qualified employee who suffered from a disability/perceived disability at all times relevant to this Charge. The Complainant alleges that during his employment he was discriminated against on the basis of his disability/perceived disability, that Respondent refused Complainant's request for a reasonable accommodation, failed to engage in the interactive process, and instead retaliated against the Plaintiff by terminating him, all in violation of the Americans with Disabilities Act as Amended in 2008, 42 U.S.C. § 12111 et seq. ("ADAA").

II. The Respondent is AG Trucking, an employer doing business at 2430 Lincolnway East, P.O. Box 453, Goshen, IN 46257. At all times relevant to this Charge, Respondent was an employer for purposes of the ADAA.

III. The Complainant began his employment with the Respondent On June 22, 2009. Throughout his employment, Complainant performed at or above Respondent's expectations.

IV. On May 22, 2019, Complainant fell at work. On June 17, 2019, Complainant was diagnosed with "trigger finger" on his left-middle finger, which was attributed to the fall. He was scheduled for a 3-month treatment plan that consisted of monthly injections.

V. In addition, Complainant had been reporting to the Respondent that his asthma was exacerbated when he was exposed to certain chemicals. As a reasonable accommodation, Complainant asked that the Respondent send him on jobs that did not involve the chemical irritants. Complainant asserts there were plenty of other jobs he could have done. On June 21, 2019, Complainant provided Respondent with a note from his physician stating, "Activity is restricted as follows: no working around Hi CAL and dolo dust/powder/pebbles."

**Exhibit A**

410-2020-00327

VI. On June 27, 2019, Complainant was terminated purportedly for leaving a mess after picking up materials. The mess was very small. Complainant had already discussed the mess with the customer who said it was not an issue. Complainant had taken a picture of the small mess and notified his supervisor, following all protocol.

VII. When Complainant spoke with Liza, Operations Manager, she told him he was terminated. Complainant had the call on speaker phone and his wife was listening in. He said, "what did you say?" Liza replied in a very rude manner "Like you're fired, called, no longer have a job, terminated, not employed…" Complainant said, "may I ask why?" and Liza stated "you can, but I don't have to tell you. Rick's on the way to get your truck." Then she hung up on him.

VIII. Complainant asserts that similarly-situated employees without a disability/perceived disability that did not request a reasonable accommodation left much larger messes and/or committed much more significant policy violations and were terminated.

IX. Complainant asserts that Respondent refused to engage in the interactive process and instead retaliated and discriminated against him by terminating him for pre-textual reasons.

X. The Respondent's discriminatory and retaliatory conduct subjected the Complainant to the loss of his job, job-related benefits, inconvenience, emotional distress and other damages and injuries. The Respondent's unlawful, discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of the Complainant's federally protected rights under the ADAA entitling the Complainant to compensatory damages, front pay, back pay, punitive damages, and reasonable attorney fees and costs.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 10-22-19      Scott Prough<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

**Exhibit A**

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Scott Prough<br>3845 North 1125 West<br>Shipshewana, IN 46565 | From: | Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-00327 | Frederick J. BruBaker,<br>Enforcement Supervisor | (463) 999-1148 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)                  /s/ Michelle Eisele                    FEB 20 2020
                               Michelle Eisele,                        (Date Mailed)
                               District Director

cc:   AG TRUCKING                              Rachel J. Guin
      c/o Janilyn Daub                         FLETCHER VAN GLIDER LLP
      Barnes & Thornburg LLP                   436 E. Wayne Street
      700 First Source Bank Center             Fort Wayne, IN 46802
      100 N. Michigan Street
      South Bend, IN 46601

Enclosure with EEOC
Form 161 (11/16)

Exhibit B



STATE OF INDIANA

OFFICE OF THE ATTORNEY GENERAL
302 WEST WASHINGTON STREET, IGCS 5TH FLOOR
INDIANAPOLIS, INDIANA 46204

CURTIS T. HILL, JR.
ATTORNEY GENERAL

10/29/2019

Rachel Guin
Fletcher Van Gilder LLP
436 E. Wayne St
Fort Wayne, Indiana 46802

    Re: Scott Prough vs. AG Trucking
    19-19173
    Amount: $13,827.00

Dear Rachel Guin,

I am writing in response to your request that the Office of the Attorney General provide you with authorization to pursue the claimant's wage claims in the above-referenced case. This Office has no objection to your pursuing such claims and, to the extent that it is authorized to refer the case to your office for action, hereby does so. No finding is made by the Office of the Attorney General as to any issues that might be construed as having been raised by this complaint.

You have represented that you are an attorney admitted to the practice of law in Indiana and in good standing. You have further represented that you have uncovered no conflicts of interest in the above-referenced matter. Thus, we are authorizing you pursuant to Indiana Code § 22-2-9-4 to represent the individual plaintiff in this action.

We ask only that you pursue the action diligently and report to us on the results. Feel free to contact me at (317) 232-6215 if you have any questions.

Sincerely,

Diana Moers
Government Litigation Section Chief

cc: J. Anthony Hardman, General Counsel, IDOL
cc: Patricia Orloff Erdmann, Chief Counsel for Litigation, OAG

---

An Equal Opportunity Employer
TT/Voice: 1 (800) 743-3333
www.in.gov/dol
TELEPHONE (317) 232-6201 · FAX (317) 232-7979

**Exhibit C**